**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

DERRICK LAMAR COX,

    Petitioner,

v.                                               CASE NO: 8:05-CV-2179-T-30TBM
                                                       Crim. Case No: 8:04-CR-215-T-30TBM

UNITED STATES OF AMERICA,

    Respondent.
_____/

## **ORDER**

THIS CAUSE comes before the Court upon Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. §2255 (CV Dkt. #1) filed on November 29, 2005, and the Government's Response thereto (CV Dkt. #6) filed on March 2, 2006. After reviewing the briefs and the record from the underlying criminal proceeding,[1] the Court concludes that this motion is due to be summarily denied without an evidentiary hearing.

### **Background**

Petitioner, Derrick Lamar Cox (hereinafter referred to as "Cox" or "Petitioner") was charged by Information with:

(1)     Robbing a federally insured credit union in violation of 18 U.S.C. §§2113(a) and (d) (Count One), and

---

[1] Criminal case number 8:04-cr-215-T-30TBM.

> (2) Knowingly using and carrying a firearm during the robbery in violation of 18 U.S.C. §924(c)(1) and §2 (Count Two). (CR Dkt. #4).

Cox waived the necessity of Indictment and consented that the proceeding may be by Information. (CR Dkt. #5). The waiver stated:

> I, DERRICK LAMAR COX, the above named defendant, who is accused of one count of Aggravated Bank Robbery, in violation of Title 18, United States Code, Sections 2113(a) and (d), and one count of Carrying a Firearm During and in Relation of a Crime of Violence, in violation of Title 18, United States Code, Section 924(c)(1), being advised of the nature of the charge(s), the proposed information, and of my rights, hereby waive prosecution by Indictment and consent that the proceeding may be by Information rather than by Indictment. Pursuant to Fed. R. Crim. P. 7(b), I will confirm this waiver in open court at arraignment or other hearing.

Cox pled guilty pursuant to a written plea agreement (CR Dkt. #6) in which he acknowledged he was pleading guilty to both Counts One and Two of the Information. The written plea agreement provides in pertinent part:

> A.1. <u>Counts Pleading To</u>
>
> The defendant shall enter a plea of guilty to Counts One, and Two of the Information. Count One charges the defendant with Aggravated Bank Robbery in violation of Title 18, United States Code, Section 2113(a) and (d); Count Two charges the defendant with one count of Carrying a Firearm during and in Relation of a Crime of Violence in violation of Title 18, United States Code, Section, 924(c)(1)(A)(ii).
>
> B.5. <u>Appeal of Sentence: Waiver</u>
>
> The defendant understands and acknowledges that defendant's sentence will be determined and imposed in conformance with the Comprehensive Crime Control Act of 1984 and the federal sentencing guidelines. Defendant is also aware that a sentence imposed under the sentencing guidelines does not provide for parole. Knowing these facts, the defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory

maximum set forth for the offense and pursuant to the sentencing guidelines and expressly waives the right to appeal defendant's sentence, directly or collaterally, on any ground, including the applicability of the "safety valve" provisions contained in 18 U.S.C. §3553(f) and USSG §5C1.2, except for an upward departure by the sentencing judge or a sentence above the statutory maximum, or a sentence in violation of the law apart from the sentencing guidelines; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. §3742(b), the defendant is released from this waiver and may appeal the sentence as authorized by 18 U.S.C. §3742(a).

B.9.   Factual Basis

Defendant is pleading guilty because defendant is in fact guilty. The defendant certifies that defendant does hereby admit that the facts set forth below are true, and were this case to go to trial, the United States would be able to prove those specific facts and others beyond a reasonable doubt.

### FACTS

On January 14, 2004 at 8:07 a.m., two masked suspects, Derrick Lamar Cox and Richard Allen Randolph entered the Coast to Coast Credit Union, 8916 Sabal Industrial Boulevard, Tampa, Florida. A third individual assisting them remained outside the Credit Union. The suspects confronted and threatened the tellers, brandished firearms and demanded money. The suspects obtained $8,200 in U.S. Currency and fled the bank in a white 2001 Mitsubishi Galant, four door, bearing Florida license plate H45GSU. The 2001 white Mitsubishi Galant, four door, bearing Florida license plate H45GSU was later found two blocks from Richard Allen Randolph's house. The interior of the vehicle had been burned.

On January 15, 2004, Derrick Lamar cox, was arrested by the Hillsborough County Sheriff's Office for a Failure to Appear warrant. During an interview by law enforcement officers, Cox confessed to his participation in the robbery. He stated that on January 14, 2004, Randolph picked up Cox and another individual and they drove to the Coast to Coast Credit Union, 8916 Sabal Industrial Boulevard, Tampa, Florida. Once at the bank, they entered the bank and proceeded with the armed robbery. After they fled the bank, they drove to Plant city, Florida and went to Randolph's girlfriends house. They split the money and Cox left in a cab.

At the guilty plea hearing, the Magistrate Judge explained to Cox that he was being charged by Information rather than by Indictment, and if Cox preferred, he had the right to be charged by Indictment, but that he had waived that right by executing the Waiver of Indictment. The Magistrate Judge established that Petitioner understood what that meant and that he wanted to waive an Indictment and proceed on the Information. Specifically, the Court had the following colloquy with the Petitioner:

> THE COURT: Now, there's another area where you get to make a choice so I need to talk to you about it. If you've got a copy of the charge down there – the charging document down there, you will see that it is styled an "Information."
>
> An Information is one of two types of charging documents that can be used to charge felony offenses. The other type of charging document is called a grand jury Indictment.
>
> Both of them are perfectly legitimate charging documents. But as I said, this is an area where you get to make a choice.
>
> If you will look at the last page of that Information before you there, you'll see that it's signed off on by a couple of Assistant United States Attorneys. Basically they have talked to an agent or two. They have decided that there's a basis for the charge. They put the charges together. They filed it with the Court.
>
> The other type of charging document, the grand jury Indictment, is arrived at in a completely different way. A grand jury is a group of citizens who are selected at random from throughout the Middle District. Basically they are summonsed to come into this courthouse, and they meet behind a closed door.
>
> And basically what they do is they listen to a presentment of evidence. And if 12 or more of that grand jury believes a person has committed a crime, then they vote out what is called a grand jury Indictment, what we call a True Bill. If less than 12 can agree, then the person doesn't get prosecuted.

Now, in theory, the grand jury offers you protection against overzealous prosecutors or unfair prosecution tactics and so on. And as I say, in theory, the grand jury doesn't know anything about you when they come in; they simply listen to the presentment of evidence and then they vote.

The law says that you have a right to demand your case to be reviewed by a grand jury, if you wish. Now, you can waive that right if you're willing to go forward by way of the Information.

As I say, this is an area that you get to make a choice in, and so that's why I'm talking to you about it.

A couple of weeks back – actually a month – a little over a month ago – your lawyer would have filed in this court this document that I'm holding up called a waiver of Indictment.

Basically this document, which was signed by you and Mr. Warshofsky, essentially acknowledges what I'm telling you and yet agrees to waive the grand jury process and to allow your case to proceed by way of the Information.

Did you understand when you signed this you were, in essence, giving up the right to go before a grand jury?

THE DEFENDANT:   Yes, sir.

THE COURT:   Is that what you want to do in this case?

THE DEFENDANT:   Yes, sir.

THE COURT:   Have you got any questions about that at all?

THE DEFENDANT:   No, sir.

THE COURT:   Okay. I'm going to go ahead and accept this waiver in open court, and the Information will be the charging document.

Now, the Information sets out two charges. The first charge says on January 14 of this year that you robbed the Coast to Coast Credit Union, which is located on Sabal Industrial Boulevard in Tampa, Florida, and that you took from the custody of the employee there $8,200.

It's also alleged that during the commission of the robbery that you committed an assault by the use of a firearm. So in Count 1 you're charged basically with armed bank robbery.

The second charge says that on the same date, January 14, that in connection with the first charge or in relation to that charge that you used and carried a firearm.

Now, these are two distinct criminal charges. The first charge carries a possible punishment up to 25 years' imprisonment. It also carries the possibility of a fine up to $250,000 and a period of supervised release up to five years. We'll talk more about the punishment in a moment.

The second charge, the firearms violation, is also a significant charge, because it – it carries the possibility of a mandatory minimum seven years and it's a consecutive term to the first charge.

The maximum punishment under that firearm charge can be life imprisonment.

Additionally, that charge carries a $250,000 fine and a potential for three years' supervised release.

Now, as to both of the charges, the Judge is going to impose what we call a special assessment, kind of like court costs, in the amount of a hundred bucks.

So you've got an armed bank robbery, maximum punishment 25 years; you've got a consecutive seven-year-to-life sentence you're looking at because of Count Two, which is a firearms violation; a fine of up to two hundred and fifty grand and then the possibility of some term of supervised release to follow.

Do you understand what the two charges are?

THE DEFENDANT: Yes, sir.

THE COURT: Do you understand what the possible punishment is?

THE DEFENDANT: Yes, sir.

> THE COURT: As to these two charges, how do you plead?
>
> THE DEFENDANT: Guilty.

This Court accepted the guilty plea and sentenced Cox to 140 months imprisonment on the aggravated bank robbery Count and a consecutive 84 months imprisonment on the §924(c) Count. Petitioner appealed his sentence to the Eleventh Circuit Court of Appeals. The appeal was dismissed on July 14, 2005, because of the waiver of the right to appeal contained in the plea agreement.

On November 29, 2005, Petitioner timely filed this Petition to vacate pursuant to 28 U.S.C. §2255 asserting four grounds for relief, all of which contend that he was not charged within an Indictment for the 924(c) offense. Specifically, the four grounds raised in the Petition are:

(1) Guilty plea was not entered knowingly, voluntarily, and intelligently, but only under duress from counsel who knew or should have known that the 924(c) offense was not charged within the Indictment.

(2) Petitioner is actually innocent of the 924(c) offense due to the fact that no reasonable fact finder would have found him guilty of the offense since it was never charged in the Indictment.

(3) Petitioner was prejudiced by the misadvice from his counsel to plead guilty to the 924(c) offense when counsel knew or should have known it was not charged in the Indictment.

(4)   Petitioner was prejudiced by counsel failing to adequately investigate the 924(c) offense to enable him to discover that it was not charged within the Indictment.

## Discussion

All four of Petitioner's grounds are based upon his assertion that the §924(c) offense was not charged in an Indictment. Cox apparently acknowledges that the aggravated robbery charge (Count One) was appropriately charged, but for some reason focuses only on the 924(c) offense in Count Two. The four grounds raised by Petitioner all fail because he was appropriately charged in an Information, a proceeding to which he specifically agreed when he executed the Waiver of Indictment form and confirmed in open Court during his guilty plea hearing. Waiving an Indictment and proceeding by Information is authorized by Rule 7(b) of the Rules of Criminal Procedure which states:

> **Waiving Indictment.** An offense punishable by imprisonment for more than one year may be prosecuted by information if the defendant – in open court and after being advised of the nature of the charge and of the defendant's rights – waives prosecution by indictment.

Rule 7(b) was appropriately followed in this case. Since proceeding by Information was authorized, Petitioner cannot show that his lawyer was ineffective. His counsel's performance was neither deficient nor prejudicial, both of which are required to obtain relief for ineffective assistance of counsel. See Strickland v. Washington, 466 U.S. 668 (1984).

Because the record conclusively demonstrates that Petitioner's §2255 motion is meritless, it will be denied.

### Conclusion

It is therefore ORDERED AND ADJUDGED that:

1. Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. §2255 (CV Dkt. #1) is DENIED.

2. The Clerk is to enter judgment for Respondent, United States of America, terminate any pending motions, and close this case.

3. The Clerk is directed to terminate from pending status the motion to vacate found at Dkt.#43, in the underlying criminal case, case number 8:04-cr-215-T-30TBM.

**DONE** and **ORDERED** in Tampa, Florida on July 19, 2006.

/s/ James S. Moody, Jr.
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

F:\Docs\2005\05-cv-2179.deny 2255.wpd